42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Billie Ray ADAMS, Petitioner-Appellant,
v.
Robert A. FARLEY, and Indiana Attorney General, Respondents-Appellees.
 No. 93-3400.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.
Decided Dec. 1, 1994.[1]
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 93 C 124; Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED.
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Billie Ray Adams appeals the denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254. Adams raises the same issues on appeal that he raised in his petition: newly discovered evidence (his being diagnosed with post-traumatic stress disorder that rose to the level of insanity and was a result of combat experience in Vietnam), and ineffective assistance of trial counsel.
 
 
 2
 In 1972, Adams and another man robbed a bank in Indiana, and one of them shot and killed a deputy sheriff. Adams was sentenced to life imprisonment. The conviction was upheld. Adams v. State, 262 Ind. 220, 314 N.E.2d 53 (1974). In 1977, Adams filed a petition for post-conviction relief, raising the issue of ineffective assistance of trial counsel. Relief was denied and the Indiana Supreme Court affirmed. Adams v. State, 430 N.E.2d 771 (Ind.1982). In 1982, Adams' first petition for a writ of habeas corpus was dismissed for failure to exhaust, and this court affirmed in an unpublished order.
 
 
 3
 In 1988, Adams filed a second petition for post-conviction relief in Indiana, asserting newly discovered evidence that at the time of the bank robbery he suffered from post-traumatic stress disorder (PTSD) as a result of combat duty in Vietnam. The Indiana trial court held that the issue was barred by laches because Adams failed to exercise due diligence since the PTSD claim was available to Adams during earlier proceedings. The Indiana Court of Appeals affirmed. Adams v. State, No. 02A03-9007-PC-294 (Ind.App. Memorandum Decision, May 20, 1991).
 
 
 4
 On appeal from the grant or denial of a petition for a writ of habeas corpus, we review all questions of law de novo, but accord a presumption of correctness to state court factual findings that are reasonable and based on the record. Verdin v. O'Leary, 972 F.2d 1467, 1481 (7th Cir.1992).
 
 
 5
 Because Adams failed to appeal the denial of the second post-conviction petition to the Indiana Supreme Court, he has defaulted on his claims and cannot receive habeas relief unless he is able to show cause and prejudice for the failure to appeal. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509 (1971). The record fails to reveal any "cause" for the failure to present the second post-conviction petition to the Indiana Supreme Court. Adams does not state why he failed to appeal.[2] We conclude that Adams cannot receive habeas relief in regard to the issues raised in his second post-conviction petition.
 
 
 6
 Moreover, the sixteen-year delay between conviction and raising the insanity defense fails either as a procedural default under the state doctrine of laches, or under Rule 9(a) of the Rules Governing Habeas Corpus Cases. See Higgason v. Clark, 984 F.2d 203, 206 (7th Cir.1993). The diagnosis of PTSD was recognized as early as 1980. Adams himself was aware of the diagnosis in 1985, but waited another three years before raising it in a post-conviction petition. Such delays cannot be condoned under either theory. See Coogan v. McCaughtry, 985 F.2d 793 (7th Cir.1992) (rejecting argument that counsel was ineffective in failing to investigate and present possible insanity defense based on diagnosis of post-traumatic stress disorder stemming from Vietnam combat experience); Black v. Collins, 962 F.2d 394 (5th Cir.1992) (same).
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 Ineffective assistance of counsel used in post-conviction proceedings cannot be considered cause for default because there is no right to post-conviction counsel. Coleman v. Thompson, 501 U.S. 722, 757, 111 S.Ct. 2546, 2566-67, 115 L.Ed.2d 640 (1991)